**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

FILED
JUN 12 2026
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

**JOHNNIE WILKINSON,**
*Plaintiff,*
v.
**INTEGRITY MARKETING GROUP, LLC,**
**doing business as AMERICAN SENIOR BENEFITS;**
and JOHN DOES 1-100,
*Defendants.*
Civil Action No. 4:26cv634 ALM/AGD
**JURY TRIAL DEMANDED**

**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, TRUTH IN CALLER ID ACT, AND TEXAS BUSINESS & COMMERCE CODE § 305.053**

## I. INTRODUCTION

Plaintiff Johnnie Wilkinson brings this action against Integrity Marketing Group, LLC d/b/a American Senior Benefits and John Does 1-100 for numerous unsolicited telemarketing calls placed to his cellular telephone number in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Truth in Caller ID Act, 47 U.S.C. § 227(e), and Texas Business & Commerce Code § 305.053.

## II. PARTIES

1. Plaintiff Johnnie Wilkinson resides at 2300 Kathryn Lane, Apt. 3515, Plano, Texas 75025. His cellular telephone number is 972-467-1061.

2. Defendant Integrity Marketing Group, LLC ("Integrity") is a limited liability company headquartered at 1445 Ross Avenue, 40th Floor, Dallas, Texas 75202. Integrity is the nation's largest independent distributor of life and health insurance products focused on the senior market. In July 2019, Integrity acquired American Senior Benefits and operates it as a wholly-owned subsidiary.

3. John Does 1-100 are unknown individuals and entities who placed, directed, or facilitated the calls described herein. Their identities will be established through discovery.

## III. JURISDICTION AND VENUE

4. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331. The action arises under 47 U.S.C. § 227 and 47 U.S.C. § 227(e).

5. This Court has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367.

6. Venue is proper under 28 U.S.C. § 1391(b). Plaintiff received the calls in Plano, Texas, within this District.

## IV. FACTUAL ALLEGATIONS

7. Plaintiff's cellular telephone number, 972-467-1061, has been registered on the National Do-Not-Call Registry since 2004.

8. Plaintiff has never been a customer of Integrity or American Senior Benefits and has never provided prior express written consent to receive telemarketing calls from Defendants or any agent acting on their behalf.

9. Beginning in January 2026, Plaintiff received numerous unsolicited telemarketing calls soliciting final expense and senior life insurance products sold by Defendants.

10. The calls were placed using an automatic telephone dialing system ("ATDS").

11. Many calls were placed using spoofed caller identification numbers. AT&T carrier records for 972-467-1061 document multiple spoofed caller ID numbers.

12. On multiple calls, Plaintiff answered and telemarketers identified the products as being offered through American Senior Benefits and affiliated Integrity entities.

13. Plaintiff requested removal from the calling list on multiple occasions. The calls continue.

14. Plaintiff documented the lead file purchase chain connecting the telemarketers to Defendants as the end beneficiaries of the campaign.

15. Defendants set the qualifying criteria for leads, controlled the call scripts, and directed the manner and means of the telemarketing campaign. The telemarketers acted with actual and/or apparent authority as Defendants' agents.

16. Defendants are vicariously liable for TCPA violations committed by their agents. In re Joint Petition Filed by Dish Network, LLC, 28 F.C.C.R. 6574, 6582 (2013).

17. Defendants' conduct was willful and knowing.

## V. CAUSES OF ACTION

### COUNT I — 47 U.S.C. § 227(b)(1)(A)(iii) — ATDS Calls to Cellular Telephone

18. Plaintiff incorporates all preceding paragraphs.

19. Defendants placed non-emergency telemarketing calls to Plaintiff's cellular telephone using an ATDS without prior express written consent. Each violation entitles Plaintiff to $500 per call, trebled to $1,500 for willful violations under 47 U.S.C. § 227(b)(3).

**COUNT II — 47 U.S.C. § 227(c) — Do-Not-Call Registry**

20. Plaintiff incorporates all preceding paragraphs.

21. Defendants placed telemarketing calls to Plaintiff's number registered on the National Do-Not-Call Registry for more than 31 days prior to the calls, in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2). Each violation entitles Plaintiff to $500 per call, trebled to $1,500 for willful violations under 47 U.S.C. § 227(c)(5).

**COUNT III — 47 U.S.C. § 227(e) — Truth in Caller ID Act**

22. Plaintiff incorporates all preceding paragraphs.

23. Defendants caused caller identification services to transmit false or misleading caller identification information with intent to defraud, cause harm, or wrongfully obtain something of value, in violation of 47 U.S.C. § 227(e).

**COUNT IV — Texas Business & Commerce Code § 305.053**

24. Plaintiff incorporates all preceding paragraphs.

25. Defendants placed unsolicited telemarketing calls to Plaintiff's number registered on the National Do-Not-Call Registry in violation of Texas Business & Commerce Code § 305.053. Each violation entitles Plaintiff to $500 in statutory damages.

## VI. DAMAGES

26. The calls invaded Plaintiff's privacy, caused nuisance and annoyance, depleted his cellular battery, consumed data, and prevented use of his telephone for lawful purposes.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants for:

A. A declaration that Defendants' conduct violates the TCPA, the Truth in Caller ID Act, and Texas Business & Commerce Code § 305.053;

B. $1,500 per call under 47 U.S.C. § 227(b)(3) for each willful violation;

C. $1,500 per call under 47 U.S.C. § 227(c)(5) for each willful Do-Not-Call violation;

D. Damages under 47 U.S.C. § 227(e) for each Truth in Caller ID Act violation;

E. $500 per violation under Texas Business & Commerce Code § 305.053;

F. An injunction prohibiting Defendants from placing further unsolicited calls to Plaintiff;

G. Leave to amend to name additional defendants identified through discovery;

H. Costs of suit; and

I. Such other relief as the Court deems just and proper.

Respectfully submitted,

**Johnnie Wilkinson**
Plaintiff, Pro Se
2300 Kathryn Lane, Apt. 3515
Plano, Texas 75025
972-467-1061
wilkinsonjohnnie@yahoo.com