IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JOHNNIE WILKINSON,<br>Plaintiff,<br>vs.<br>INTEGRITY MARKETING GROUP, LLC, doing business as AMERICAN SENIOR BENEFITS; and JOHN DOES 1-100,<br>Defendants. | Case No: 4:26-cv-00634-ALM-AGD |

**DEFENDANT INTEGRITY MARKETING GROUP, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Integrity Marketing Group, LLC[1] ("Integrity" or "Defendant"), by and through counsel, respectfully requests that this Court dismiss Plaintiff Johnnie Wilkinson's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

## I. BACKGROUND

Plaintiff has brought this lawsuit under the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) and § 227(c) (collectively, the "TCPA"); 47 U.S.C. § 227(e) (the "Truth in Caller ID Act"); and the Texas Telemarketing Disclosure and Privacy Act, Tex. Bus. & Com. Code §

[1] Incorrectly named as Integrity Marketing Group, LLC d/b/a American Senior Benefits ("ASB"). ASB is not a registered trade name of Integrity. *See* **Exhibit A**. Moreover, Integrity does not hold an insurance sales license. These facts further illustrate why Plaintiff's bare assertion of a d/b/a relationship is conclusory and implausible.

305.053. In his Complaint, Plaintiff alleges that he received "numerous unsolicited telemarketing calls soliciting… products sold by [Integrity]." ECF No. 1 at ¶ 9.

Plaintiff's Complaint does not provide any specific information regarding the alleged calls. The Complaint does not state when Plaintiff allegedly received these calls, the phone number(s) of the alleged callers, or why Plaintiff believes that the callers were or are affiliated with Integrity. Plaintiff alleges that the callers spoofed their caller ID information. *Id*. at ¶ 11. But Plaintiff fails to explain how those callers, who allegedly used spoofed phone numbers, had any actual connection to Integrity. The Complaint merely states that the products being offered were "through American Senior Benefits and affiliated Integrity entities" without any factual content regarding how Integrity caused such calls, Integrity's relationship to these alleged callers, or how Integrity is allegedly affiliated with any of these unnamed entities. *See id.* at ¶ 12. Likewise, Plaintiff provides no factual basis for his assertion that Integrity "knew or should have known" that individuals concealing their identity placed calls to Plaintiff. *See id.* at ¶ 9. Plaintiff has provided nothing more than conclusory statements in his claims against Integrity.

The Court should dismiss this case with prejudice. Plaintiff is not a victim of unwanted phone calls. To the contrary, Plaintiff is a serial litigant who generates TCPA lawsuits as a money-making venture.[2] Plaintiff has chosen to ignore these requirements, and in doing so has demonstrated that he simply does not possess enough facts to support a claim against Integrity.

## II. LEGAL STANDARD

Plaintiff's Complaint must state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim tests the legal sufficiency of the

---

[2] Plaintiff has filed two other TCPA lawsuits against unrelated entities in this same Court, Case Nos. 4:26-cv-00634 and 4:26-cv-00688.

plaintiff's claims. *Servicios Azucareros de Venez., C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012). To withstand dismissal, a complaint generally must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff must assert "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [however,] do not suffice." *Id.* While a plaintiff need not establish a probability of success on the merits, he must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Under Federal Rule of Civil Procedure 8(a)(2), a pleading that states a claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief." While a plaintiff does not need to include detailed factual allegations, this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). In assessing whether Rule 8(a)(2) has been satisfied, the court must first identify the elements of the plaintiff's claim and then determine whether those elements could be proven on the facts pled.

## III. <u>ARGUMENT AND AUTHORITIES</u>

### A. WILKINSON'S CLAIMS MUST BE DISMISSED BECAUSE HE FAILS TO ALLEGE ANY WRONGFUL CONDUCT ATTRIBUTABLE TO INTEGRITY.

Wilkinson fails to allege facts establishing that his injuries are fairly traceable to the conduct of Integrity or establishing that Integrity is responsible for the conduct of others alleged. For both Wilkinson's TCPA claims and Texas common law claims, Wilkinson must allege facts to establish either that Integrity committed the wrongful acts directly or a theory of vicarious liability to hold Integrity liable for the acts of others. *See In re Joint Petition filed by Dish*

*Network, LLC*, 28 F.C.C. Rcd. at 6582 ¶ 24 (2013); *Affordable Power, L.P. v. Buckeye Ventures, Inc.*, 347 S.W.3d 825 at 833 (Tex. App.—Dallas 2011, no pet.).

Under the TCPA, a defendant is directly liable only when it "initiates" a telephone call. *See Dish Network, LLC*, 28 F.C.C. Rcd. at 6582 ¶ 24 ("[W]e clarify that a seller is not directly liable for a violation of the TCPA unless it initiates a call, but [the seller] may be held vicariously liable under federal common law agency principles for a TCPA violation by a third-party telemarketer."). "Initiating" a telephone call means that the entity "takes the steps necessary to physically place a telephone call." *Id.* at 6583 ¶ 26.

And if the defendant did not initiate the calls, the defendant may be liable for calls initiated by others only if alleged to be "vicariously liable under federal common law principles of agency." *Id.* "Three theories of agency could support a claim for vicarious liability: (1) actual authority; (2) apparent authority; and (3) ratification." *Dynata LLC*, 2023 WL 2377481, at *6; *Dish Network, LLC*, 28 F.C.C. Rcd. at 6584 ¶ 28. Each of these theories requires allegations of acts by the alleged principal to create the principal-agent relationship: an express agreement for actual authority, manifestations by the alleged principal leading a third party to reasonably believe it was authorized to act on the principal's behalf for apparent authority, or conduct of the principal indicating intent to be bound by the agent's acts for ratification. *Dynata LLC*, 2023 WL 2377481, at *6; *Dish Network, LLC*, 28 F.C.C. Rcd. at 6584 ¶ 28.

### B. PLAINTIFF FAILS TO PLEAD FACTS SUFFICIENT TO ESTABLISH DIRECT RESPONSIBILITY UNDER THE TCPA.

Wilkinson has failed to allege facts to establish that Integrity is directly liable for any injuries resulting from the alleged calls. He does not allege Integrity "initiated" the calls or physically engaged in any conduct to place the calls. *See Dish Network, LLC*, 28 F.C.C. Rcd. at 6582 ¶ 24. Instead, he alleges calls from "telemarketers" who allegedly "identified the products

as being offered through American Senior Benefits and affiliated Integrity entities." ECF No. 1 ¶ 12. These allegations related solely to the conduct of others cannot support direct liability for Wilkinson's TCPA claims or his Texas common law claims. *See In re Joint Petition filed by Dish Network, LLC*, 28 F.C.C. Rcd. at 6582 ¶ 24; *Affordable Power, L.P.*, 347 S.W.3d 825 at 833.

### C. PLAINTIFF FAILS TO PLEAD FACTS SUFFICIENT TO ESTABLISH VICARIOUS RESPONSIBILITY UNDER THE TCPA.

Wilkinson also alleges no facts establishing that Integrity is liable under any theory of vicarious liability. Wilkinson alleges a business relationship between the John Doe Defendants and Integrity. ECF No. 1 at ¶ 15. However, Wilkinson fails to allege facts supporting an inference that Integrity instructed other Defendants or unnamed agents to call him, or that these entities were in fact acting at the direction of or on behalf of Integrity. A plaintiff must allege a factual predicate "that gives rise to an inference of an agency relationship." *Cunningham v. Lifestyles Dev., LLC,* No. 4:19-CV-00006-ALM-CAN, 2019 WL 4282039, at *4 (E.D. Tex. Aug. 8, 2019), report and recommendation adopted, No. 4:19-CV-00006, 2019 WL 4277507 (E.D. Tex. Sept. 10, 2019). Here, Wilkinson's allegations plainly lack the requisite factual predicate. *See id*. (citing cases). There are no allegations of fact regarding conduct by Integrity supporting any of the three agency theories of liability: no allegations regarding any express agreement between Integrity and any of the alleged callers; no factual allegations of manifestations by Integrity to the alleged callers; and no factual allegations of any acts by Integrity ratifying any alleged conduct of the alleged callers. *See Dynata LLC*, 2023 WL 2377481, at *6; *Dish Network, LLC*, 28 F.C.C. Rcd. at 6584 ¶ 28.

Wilkinson generally alleges that Integrity "set the qualifying criteria for leads, controlled the call scripts, and directed the manner and means of the telemarketing campaign." ECF No. 1 ¶ 15. However, he provides no factual basis in support of this wholly conclusory statement and fails to otherwise connect Integrity with any of the purported callers. As such, these broad, general

assertions are insufficient to plead vicarious liability. *See Naiman v. Freedom Forever, LLC*, No. 19-cv-00256-JSC, 2019 WL 1790471, at *4 (N.D. Cal. Apr. 24, 2019) (finding allegation that "[d]efendant was acting as an agent ... within the scope of said agency and/or employment with the full knowledge and consent of each of the other [d]efendants" to be wholly conclusory and insufficient to plead vicarious liability).

Accordingly, Wilkinson has failed to allege facts establishing that Integrity can be responsible for the alleged conduct, either directly or vicariously. As such, Wilkinson's claims should be dismissed for failure to state a claim under Rule 12(b)(6).

**D. PLAINTIFF FAILS TO ALLEGE ANY FACTS SUPPORTING HIS CLAIM THAT DEFENDANTS CALLED HIS PHONE WITH AN AUTODIALER.**

The TCPA provides that it shall be unlawful "to make any call ... using any automatic telephone dialing system ... to any telephone number assigned to a ... cellular telephone service" without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A)(iii). An automatic telephone dialing system ("ATDS") is "equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." *Id*., § 227(a)(1). The FCC recently confirmed that the statute "does not regulate live calls that are manually dialed without an autodialer; [nor does] it ... ban all automated calls ..." *ACA Int'l, et al. v. FCC, et al*., No. 15-1211 (D.C. Cir.), Brief for Respondents (Jan. 15, 2016), at 93; *see also*, *e.g.*, *Morris v. Cobart*, No. 4:15-CV-724, 2016 WL 6608874, at *7-8 (E.D. Tex. Nov. 9, 2016) (no TCPA violation where defendant did not utilize autodialer to call plaintiff's cell phone); *Adamcik v. Credit Control Servs., Inc*., 832 F. Supp. 2d 744, 750 (W.D. Tex. 2011) ("Turning to the effect of [TCPA] § 227(b), it has no prohibition or effect at all on ordinary, 'live' phone calls — the statute's express terms limit its application to automatic dialer or prerecorded

calls."). In other words, the TCPA's prior express consent requirements are not implicated and no consumer consent is necessary where a company manually dials that consumer's cell phone.

Thus, in order to state a viable autodialer TCPA claim, a plaintiff must "do more than simply parrot the statutory language." *Brailey v. F.H. Cann & Assocs.*, No. 6:14-0754, 2014 WL 7639909, at *8 (W.D. La. Dec. 5, 2014) (dismissing TCPA claim) (citing *Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014); *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555; and other cases); *Martin v. Direct Wines, Inc.*, No. 15 C 757, 2015 WL 4148704, at *2 (N.D. Ill. July 9, 2015) ("It is insufficient for plaintiff to simply parrot the language of the TCPA and conclusorily allege that defendants used an ATDS."). Courts uniformly hold that "'a bare allegation that defendant[] used an ATDS is not enough.'" *Brailey*, 2014 WL 7639909, at *9 (citations omitted); *see also*, *e.g.*, *Direct Wines*, 2015 WL 4148704, at *2 (allegation that defendants used "Five9 or similar dialing technology" was insufficient to plead the use of an ATDS); *Padilla v. Whetstone Partners, LLC*, No. 14-21079, 2014 WL 3418490, at *1-2 (S.D. Fla. July 14, 2014) (dismissing TCPA autodialer claim where plaintiff merely alleged that defendant used an ATDS to call his cell phone 41 times over a four-month period without his consent, and attached a call log to his complaint showing 21 of those alleged calls); *Trumper v. GE Capital Retail Bank*, 79 F. Supp. 3d 511, 513 (D.N.J. July 7, 2014) ("GE argues that Trumper's TCPA claim fails under *Twombly* and *Iqbal* because Trumper makes only conclusory allegations that GE placed calls using an automatic telephone dialing system or an artificial or prerecorded voice. This argument is well taken."); *Johansen v. Vivant, Inc.*, No. 12C7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012) (dismissing TCPA claim where plaintiff failed to elaborate on allegations with anything more than language of the statute). Dismissing the plaintiff's TCPA claims with prejudice in *Brailey*, the Western District of Louisiana found that, while the plaintiff need not plead "'specific technical details'" regarding the defendant's

use of an ATDS, "he must at least describe, in laymen's terms, the facts about the call or the circumstances surrounding the call that make it plausible that the call was made using an ATDS." 2014 WL 7639909, at *8 (citations omitted).

Here, just like the plaintiffs in *Brailey*, *Padilla*, *Trumper*, and *Johansen*, Plaintiff's Complaint includes no more than his own conclusory statement alleging that the call(s) he received were initiated by an automated telephone dialing system. ECF No. 1 at ¶ 10. This claim is nothing but a bald, conclusory assertion with no indication whatsoever that Plaintiff has any personal knowledge or basis for this alleged "fact." Aside from reciting the statutory element, there is not a single factual allegation underlying Plaintiff's assertion. Plaintiff has failed to meet the requisite pleading standard contemplated by Rule 12(b)(6) to avoid dismissal and therefore Count I of his Complaint should be dismissed.

### E. PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER 47 U.S.C. 227(C)

Lastly, Plaintiff simply cannot maintain a plausible claim that Integrity violated the TCPA because his cell phone number is on the National Do Not Call Registry, 47 C.F.R. § 64.1200(c). By their own terms, 47 C.F.R. § 64.1200(c) only applies to a "residential telephone subscriber." As evidenced by his own pleadings, Plaintiff is not a "residential telephone subscriber" for two reasons.

***First***, Plaintiff complains about calls to his cell phone, not his residential telephone line. ECF No. 1 ¶ 7. Although some courts have disagreed, "[t]he majority of the persuasive precedent holds 47 C.F.R. § 64.1200(d) does not encompass cell phones." *Johnson v. Palmer Admin. Services, Inc.*, No. 622CV00121JCBKNM, 2022 WL 17546957, at *8 (E.D. Tex. Oct. 20, 2022), *report and recommendation adopted*, No. 6:22-CV-00121, 2022 WL 16919786 (E.D. Tex. Nov. 14, 2022) (collecting and analyzing competing authority); *Cunningham v. Britereal Mgmt., Inc.*, No. 4:20-CV-144-SDJ-KPJ, 2020 WL 7391693, at *7 (E.D. Tex. Nov. 20, 2020), *report and*

*recommendation adopted*, No. 4:20-CV-144-SDJ-KPJ, 2020 WL 7388415 (E.D. Tex. Dec. 16, 2020); *Cunningham v. Politi*, No. 418CV00362ALMCAN, 2019 WL 2519702, at *4 (E.D. Tex. Apr. 26, 2019), *report and recommendation adopted*, No. 4:18-CV-362, 2019 WL 2526536 (E.D. Tex. June 19, 2019) (collecting cases); *Cunningham v. Air Voice, Inc.*, No. 419CV00096ALMCAN, 2020 WL 9936139, at *5 (E.D. Tex. Feb. 14, 2020), *report and recommendation adopted*, No. 4:19-CV-96, 2020 WL 1433948 (E.D. Tex. Mar. 24, 2020) (denying default judgment because a damages claim for calls to a cell phone is not cognizable under 47 C.F.R. § 64.1200(d)).

Those decisions holding that section 64.1200(c) does not apply to cell phones are faithful to Congress's distinction between residential lines and cell phones. When charging the Federal Communications Commission ("FCC") to create rules implementing the TCPA, such as section 64.1200(c), Congress instructed the FCC to evaluate the need to protect "***residential*** telephone subscribers" and contemplated the national do not call registry which would compile a list of "telephone numbers of ***residential*** subscribers." 47 U.S.C. § 227(c)(1), (c)(3). Although Congress did not define "residential subscriber," elsewhere in the TCPA Congress specifically protected cell phone users without referencing "residential telephone subscribers." *See id.* § 227(b)(1)(A)(iii). Thus, Congress's choice to separately protect "residential" and "cell phone" users demonstrates that it intended different treatment for the two types of telephone lines. The Supreme Court has recognized this distinction between home and cell phones. *Facebook, Inc. v. Duguid*, 592 U.S. 395, 409 (2021) ("The statute separately prohibits calls using 'an artificial or prerecorded voice' to various types of phone lines, including ***home*** phones ***and*** ***cell*** phones, unless an exception applies.") (emphasis added). Other courts have also recognized the distinction. *See Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1250 (11th Cir.

2014) (distinguishing residential and cell phones). Because Plaintiff's cell phone cannot be a "residential telephone line," his do not call list claims should be dismissed with prejudice.

***Second***, even if the use of a cell phone did not categorically disqualify Plaintiff's cell phone from qualifying as a "residential telephone line," his do not call list claim must nevertheless fail because he pleads no facts to establish that his cell phone is used for residential purposes.

Even cases holding that a cell phone could qualify as a "residential telephone line" require a plaintiff to plead facts establishing that the cell phone is, in fact, used for residential purposes. *Optimum Solar*, 2024 WL 2044832, at *6; *Strange v. ABC Co.*, No. CV 19-1361, 2021 WL 798870, at *4 (W.D. La. Mar. 1, 2021) (collecting cases) (denying default judgment because plaintiff failed to plead facts supporting a finding of "residential" use). Here, Plaintiff failed to allege any facts supporting a reasonable inference that his cell phone is used for residential purposes. Accordingly, the Court should dismiss Plaintiff's do-not-call claim.

### F. PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF UNDER THE TEXAS BUSINESS AND COMMERCE CODE.

Plaintiff cannot state a claim under the Texas Business and Commerce Code. The Texas TCPA proscribes only conduct that also violates the federal TCPA; if there is no violation of the federal TCPA, there is no violation of the Texas TCPA. *Cherkaoui v. Santander Consumer USA, Inc.*, 32 F. Supp. 3d 811, 815 (S.D. Tex. 2014) (citing Tex. Bus. & Com. Code Ann. § 305.053; *Shields v. Americor Lending Grp., Inc.*, No. 01-06-00475-CV, 2007 WL 2005079, at *3 n.8 (Tex. App.—Houston [1st Dist.] July 12, 2007, no pet.); *Masters v. Wells Fargo Bank S. Cent., N.A.*, No. A-12-CA-376-SS, 2013 WL 3713492, at *3 (W.D. Tex. July 11, 2013)). To the extent Plaintiff is not entitled to relief under § 227(b)(1)(A) or § 227(c) of the TCPA, Plaintiff is likewise not entitled to relief under the Texas TCPA, and Integrity's Motion to Dismiss should be granted as to Plaintiff's Texas TCPA claims. In addition, even if Plaintiff's Complaint stated an independent

basis for liability under Texas law—which it does not—dismissal of the state-law claim would be warranted for lack of supplemental jurisdiction. *Robertson v. Neuromedical Ctr.*, 161 F.3d 292, 296 (5th Cir. 1998) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). Thus, Count IV of Plaintiff's Complaint should be dismissed along with Counts I through III.

## IV. CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's Complaint against Integrity Marketing Group, LLC with prejudice at Plaintiff's cost and for all other relief to which Defendant may show itself justly entitled.

Date: August 11, 2026

Respectfully submitted,

By: */s/ Miranda K. Roberts*
Miranda K. Roberts
State Bar No. 24121086
1445 Ross Avenue, 40th Floor,
Dallas, TX 75202
T: 682-667-8117
Email: Miranda.roberts@Integrity.com

Attorney for Defendant Integrity, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2026, I electronically filed the foregoing Motion to Dismiss with the Clerk of Court using the CM/ECF system.