FILED

AUG 11 2026

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

JOHNNIE WILKINSON,
Plaintiff,

v.

INTEGRITY MARKETING GROUP, LLC,
d/b/a AMERICAN SENIOR BENEFITS;
and JOHN DOES 1–100,

Defendants.

Civil Action No. 4:26-cv-00634-ALM-AGD

PLAINTIFF'S OPPOSITION TO DEFENDANT INTEGRITY MARKETING GROUP, LLC'S MOTION TO DISMISS

Plaintiff Johnnie Wilkinson, appearing pro se, respectfully opposes Defendant Integrity Marketing Group, LLC's Motion to Dismiss (Doc. 7). The Motion should be denied because the Complaint contains factual allegations that, accepted as true and viewed in Plaintiff's favor, plausibly connect Defendant to the alleged conduct and state claims for relief. At minimum, if the Court finds any allegation insufficient, Plaintiff should be granted leave to amend rather than suffer dismissal with prejudice.

I. LEGAL STANDARD

1. A motion under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not whether the plaintiff has already proved his claims. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).
2. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).
3. The Court accepts well-pleaded factual allegations as true and draws reasonable inferences in the plaintiff's favor. At this stage, Plaintiff is not required to prove the ultimate merits of his claims or obtain discovery concerning facts particularly within Defendant's possession.

II. ARGUMENT

A. THE COMPLAINT CONTAINS SPECIFIC FACTUAL ALLEGATIONS CONNECTING INTEGRITY TO THE ALLEGED CALLING CAMPAIGN.

4. Integrity argues that Plaintiff has failed to allege facts connecting Integrity to the calls. The Complaint, however, contains several specific factual allegations concerning that connection.
5. Plaintiff alleges that Integrity acquired American Senior Benefits in July 2019 and operates American Senior Benefits as a wholly owned subsidiary. Compl. ¶ 2.

6. Plaintiff alleges that beginning in January 2026 he received numerous unsolicited telemarketing calls soliciting final expense and senior life insurance products sold by Defendants. Compl. ¶ 9.
7. Plaintiff further alleges that, on multiple calls, telemarketers identified the products as being offered through American Senior Benefits and affiliated Integrity entities. Compl. ¶ 12.
8. Most importantly, Plaintiff alleges that he documented the lead-file purchase chain connecting the telemarketers to Defendants as the end beneficiaries of the campaign. Compl. ¶ 14.
9. Plaintiff also specifically alleges that Defendants set the qualifying criteria for leads, controlled the call scripts, and directed the manner and means of the telemarketing campaign. Compl. ¶ 15.
10. These are factual allegations describing alleged conduct by Defendant and its relationship to the calling campaign. They are not merely the legal conclusion that "Integrity is liable."
11. Integrity disputes the truth and sufficiency of those allegations. But whether Plaintiff can ultimately prove the alleged lead-file chain, the source of the calls, or the precise role played by Integrity is a factual question that should not be resolved against Plaintiff on a Rule 12(b)(6) motion.
12. Integrity's assertion that American Senior Benefits is not a registered trade name of Integrity does not contradict Plaintiff's allegation that Integrity acquired American Senior Benefits and operates it as a wholly owned subsidiary. Compl. ¶ 2.
13. A parent company's operation of a wholly owned subsidiary is not the same factual issue as whether the subsidiary is a registered assumed name or d/b/a of the parent. The corporate and operational relationship between the entities does not, by itself, resolve whether Integrity is liable for the conduct alleged in the Complaint.
14. The Complaint therefore provides a factual basis from which the Court can reasonably infer a connection between Defendant and the alleged telemarketing activity.

B. THE COMPLAINT PLAUSIBLY ALLEGES VICARIOUS LIABILITY.

15. Integrity correctly recognizes that TCPA liability may arise under federal common-law agency principles, including actual authority, apparent authority, and ratification. See In re Joint Petition Filed by Dish Network, LLC, 28 FCC Rcd. 6574, 6584–87 (2013).
16. The Complaint alleges facts supporting an inference of such a relationship.
17. Plaintiff alleges that the telemarketers identified the products as being offered through American Senior Benefits and affiliated Integrity entities. Compl. ¶ 12.
18. Plaintiff alleges that he documented the lead-file purchase chain connecting the telemarketers to Defendants as the end beneficiaries of the campaign. Compl. ¶ 14.
19. Plaintiff further alleges that Defendants set the qualifying criteria for leads, controlled the call scripts, and directed the manner and means of the telemarketing campaign. Compl. ¶ 15.
20. Plaintiff also alleges that the telemarketers acted with actual and/or apparent authority as Defendants' agents. Compl. ¶ 15.

21. These allegations provide more than a bare assertion that an agency relationship existed. They identify alleged conduct by the principal and circumstances surrounding the relationship between the principal and the callers.
22. Integrity argues that Plaintiff has not identified an express agreement, specific manifestation, or particular act of ratification. But Plaintiff is not required at the pleading stage to possess and plead the contents of private agreements or internal communications that are within Defendant's possession.
23. The precise nature and extent of the agency relationship can be established through discovery. The Complaint's allegations are sufficient to make that theory plausible.

C. THE COMPLAINT ALLEGES FACTS CONCERNING THE CIRCUMSTANCES OF THE CALLS THAT SUPPORT PLAUSIBILITY OF THE ATDS CLAIM; ALTERNATIVELY, PLAINTIFF SHOULD BE PERMITTED TO AMEND.

24. Integrity argues that Plaintiff's ATDS allegation is conclusory because paragraph 10 states that the calls were placed using an ATDS.
25. Plaintiff acknowledges that paragraph 10 is concise. But paragraph 10 does not stand alone.
26. The Complaint alleges that Plaintiff received numerous unsolicited telemarketing calls beginning in January 2026. Compl. ¶ 9.
27. The Complaint further alleges that many of those calls used spoofed caller-identification numbers and that AT&T carrier records for Plaintiff's number document multiple spoofed caller-ID numbers. Compl. ¶ 11.
28. The Complaint also alleges that Plaintiff received calls from telemarketers participating in the same alleged telemarketing campaign and that Plaintiff continued receiving calls after requesting removal from the calling list. Compl. ¶¶ 12–13.
29. Taken together, these allegations describe circumstances surrounding the calls rather than merely reciting the statutory definition of an ATDS.
30. Plaintiff does not contend that the use of spoofed caller-ID numbers, standing alone, proves that an ATDS was used. Rather, Plaintiff relies upon the totality of the circumstances alleged in the Complaint.
31. The precise dialing equipment and technical characteristics of the calling system are matters that can be established through discovery. Plaintiff should not be required to plead technical information uniquely within the possession of the callers, vendors, carriers, or other entities involved in the campaign.
32. If the Court concludes that the present allegations do not satisfy the pleading standard for Count I, Plaintiff respectfully requests leave to amend to provide additional factual detail concerning the circumstances and technology involved in the calls.
33. Dismissal with prejudice at this stage would be inappropriate where any pleading deficiency could be cured through amendment.

D. DEFENDANT'S DO-NOT-CALL ARGUMENT DOES NOT DISPOSE OF PLAINTIFF'S SEPARATE § 227(b)(1)(A) CLAIM.

34. Integrity argues that Plaintiff cannot maintain his Do-Not-Call claim because his telephone is a cellular telephone and therefore does not qualify as a "residential telephone subscriber" under 47 C.F.R. § 64.1200(c).
35. Plaintiff's Complaint alleges that his cellular telephone number has been registered on the National Do-Not-Call Registry since 2004 and that Defendants placed telemarketing calls to that number after the applicable thirty-one-day period. Compl. ¶¶ 7, 21.
36. Plaintiff recognizes that courts have disagreed regarding application of the Do-Not-Call regulations to cellular telephone numbers.
37. But even if the Court ultimately agrees with Defendant concerning Count II, that determination does not dispose of Count I.
38. Count I is based upon 47 U.S.C. § 227(b)(1)(A)(iii), which separately addresses certain calls made using an automatic telephone dialing system to a cellular telephone service without the required prior express consent.
39. Integrity's argument concerning the meaning of "residential telephone subscriber" therefore provides no basis for dismissing Plaintiff's separate § 227(b)(1)(A) claim.
40. In addition, Defendant's second argument—that Plaintiff failed to plead that his cellular telephone is used for residential purposes—does not establish that Count II must be dismissed with prejudice. If the Court determines that additional factual allegations concerning the use of the telephone are required, Plaintiff respectfully requests leave to amend.

E. INTEGRITY DOES NOT IDENTIFY A PLEADING DEFICIENCY IN COUNT III UNDER THE TRUTH IN CALLER ID ACT.

41. Integrity identifies Plaintiff's claim under 47 U.S.C. § 227(e) in the background section of its Motion but does not provide a substantive argument explaining why Count III should be dismissed.
42. The Complaint specifically alleges that many calls were placed using spoofed caller-identification numbers and that AT&T carrier records document multiple spoofed caller-ID numbers associated with Plaintiff's telephone number. Compl. ¶ 11.
43. The Complaint further alleges in Count III that Defendants caused caller-identification services to transmit false or misleading caller-identification information with intent to defraud, cause harm, or wrongfully obtain something of value. Compl. ¶ 23.
44. Those allegations directly address the conduct alleged to violate § 227(e).
45. Because Defendant has not identified a specific pleading deficiency in Count III, the Motion provides no independent basis for dismissing that claim under Rule 12(b)(6).

F. PLAINTIFF'S TEXAS BUSINESS AND COMMERCE CODE CLAIM SHOULD NOT BE DISMISSED WHILE THE FEDERAL CLAIMS REMAIN.

46. Defendant argues that Plaintiff's claim under Texas Business and Commerce Code § 305.053 fails because it depends upon a violation of federal law.
47. Plaintiff has adequately pleaded federal TCPA claims. Accordingly, Defendant's derivative argument does not establish an independent basis for dismissing Count IV.

48. Defendant's alternative argument concerning supplemental jurisdiction likewise does not require dismissal because federal claims remain pending before this Court.

G. DEFENDANT'S "SERIAL LITIGANT" CHARACTERIZATION IS NOT A BASIS FOR DISMISSAL, AND ITS FOOTNOTE CONTAINS AN OBVIOUS CASE-NUMBER ERROR.

49. Defendant describes Plaintiff as a "serial litigant" who supposedly generates TCPA lawsuits as a "money-making venture."
50. That characterization is irrelevant to whether the Complaint states a claim under Rule 12(b)(6).
51. More importantly, Defendant's footnote 2 states that Plaintiff has filed two other TCPA lawsuits and identifies Case Nos. 4:26-cv-00634 and 4:26-cv-00688.
52. Case No. 4:26-cv-00634 is the present action.
53. Thus, Defendant has incorrectly identified the present case as one of Plaintiff's "other" lawsuits.
54. Regardless of any other litigation involving Plaintiff, Rule 12(b)(6) requires the Court to determine whether the claims pleaded in this action are legally sufficient. The existence of other lawsuits does not establish that the claims in this case are implausible.
55. The Court should therefore evaluate the Complaint based upon its allegations and the applicable law, not Defendant's characterization of Plaintiff.

III. ALTERNATIVELY, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND.

56. If the Court determines that any portion of the Complaint does not satisfy Rule 8 or Rule 12(b)(6), Plaintiff respectfully requests leave to amend.
57. Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely given when justice so requires.
58. Plaintiff has not previously been afforded an opportunity to amend his Complaint in response to Defendant's pleading objections.
59. In particular, if the Court determines that additional factual detail is required concerning the ATDS allegations, the agency relationship, the residential use of Plaintiff's telephone, or any other issue identified by Defendant, Plaintiff respectfully requests an opportunity to amend rather than dismissal with prejudice.

IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. DENY Defendant Integrity Marketing Group, LLC's Motion to Dismiss (Doc. 7);
2. allow Plaintiff's claims to proceed to discovery; and
3. alternatively, if the Court finds any portion of the Complaint deficient, grant Plaintiff leave to amend rather than dismissing any claim with prejudice.

Respectfully submitted,

Johnnie Wilkinson
2300 Kathryn Ln, Apt. 3515
Plano, TX 75025
Plaintiff, Pro Se

CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2026, I served a true and correct copy of the foregoing on all counsel of record by the method(s) permitted under the Federal Rules of Civil Procedure and the Local Rules of this Court.

Johnnie Wilkinson