**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **JOHNNIE WILKINSON**<br>***Plaintiff,***<br>**v.**<br><br>**INTEGRITY MARKETING GROUP, LLC, et al.**<br>***Defendants.*** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 4:26-CV-00634-ALM-AGD** |

**JOINT RULE 26(F) REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Order Governing Proceedings (Dkt. 9), Plaintiff Johnnie Wilkinson ("Plaintiff" or "Wilkinson") and Defendant Integrity, LLC f/k/a Integrity Marketing Group, LLC[1] ("Defendant" or "Integrity") respectfully submit this Joint Rule 26(f) Report. Pursuant to the Court's Order Governing Proceedings, the Parties held their Rule 26(f) conference on August 20, 2026 and conferred about the items listed below.

***1. Brief Factual and Legal Synopsis of the Case***

Plaintiff's Position: Plaintiff alleges that Defendant Integrity, acting through agents, affiliates, or third parties acting at its direction or for its benefit, placed or caused to be placed telephone calls to Plaintiff's cellular telephone number without prior express written consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the Texas Business and Commerce Code § 305.053. Plaintiff opposed Integrity's Motion to Dismiss, and the Motion remains pending before the Court.

Integrity's Position: In his Original Petition, Plaintiff alleges that Integrity is liable for an undisclosed number of phone calls that Plaintiff allegedly received from unknown third parties in

[1] Incorrectly named as Integrity Marketing Group, LLC d/b/a American Senior Benefits.

violation of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 and the Texas Business and Commerce Code § 305.053. *See* Dkt. 1. On August 11, 2026, Integrity moved to dismiss Plaintiff's original Complaint, the Motion is currently pending before the Court. *See* Dkt. 7.

***2. <u>The Jurisdictional Basis for this Suit</u>***

The Parties agree that the Court has federal subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claim arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

***3. <u>Correct Names of the Parties and Anticipated Additional or Potential Parties</u>***

<u>Plaintiff's Position:</u> Plaintiff named Defendant as Integrity Marketing Group, LLC d/b/a American Senior Benefits based on information available to Plaintiff at the time of filing, including representations made during the calls at issue and lead-generation materials identifying American Senior Benefits as the responsible party. Plaintiff does not oppose correcting the caption to reflect Defendant's correct corporate name, Integrity, LLC f/k/a Integrity Marketing Group, LLC. Plaintiff reserves the right to add additional defendants as their identities are confirmed through discovery.

<u>Integrity's Position:</u> The Parties are named incorrectly. The Petition names Defendant Integrity Marketing Group, LLC d/b/a American Senior Benefits. However, "American Senior Benefits" is not a valid d/b/a for Integrity, LLC f/k/a Integrity Marketing Group, LLC. The identity of any anticipated or additional parties is unknown at this time. Integrity takes the position that it is not responsible for the calls made the subject of this action because those calls were made by as-of-yet unknown third parties. Once the identity of those third parties becomes known, the Parties may seek to bring them into this lawsuit.

***4. <u>Related Cases</u>***

There are no cases related to this action pending in any state or federal court.

5. ***Confirmation that Initial Mandatory Disclosures Have Taken Place***

On September 11, 2026, Defendant served its Initial Disclosures on Plaintiff pursuant to the Federal Rules and the Court's Order Governing Proceedings. Plaintiff has yet to serve his Initial Disclosures on Integrity.

6. ***Proposed Scheduling Order Deadlines***

The Parties propose the following scheduling order deadlines, which reflect the standard deadlines from Appendix 1 of the Order Governing Proceedings and is attached hereto as Exhibit "A".

7. ***In accordance with Rule 26(f):***

(i) ***Subjects on Which Discovery May Be Needed, When Discovery Should Be Completed, and Whether Discovery Should be Conducted in Phases or Limited / Focused on Particular Issues;***

The Parties do not believe phasing or special procedures are necessary. With regard to whether discovery should be focused on particular issues:

Plaintiff's Position: Plaintiff anticipates discovery will be needed on the following subjects: (1) Defendant's telemarketing and lead-generation practices, including its relationships with third-party vendors, affiliates, and lead sources that generated or transmitted the calls at issue; (2) Defendant's policies and procedures for obtaining and verifying prior express written consent; (3) call detail records, dialing platforms, and vendor contracts relevant to the calls at issue; (4) Defendant's knowledge of and response to consumer complaints regarding similar calls; and (5) the identity and role of any third party Defendant contends placed the calls. Plaintiff's other TCPA litigation and the number of lawsuits he has filed are not relevant to any element of his claim and are not a proper subject of discovery in this action. Plaintiff reserves the

right to move for a protective order or to quash any discovery request directed to that subject.

Integrity's Position: Integrity anticipates that discovery will be needed on the following subjects: (1) the number, timing, and substance of the alleged telephone calls; (2) the identity of individuals or entities involved in initiating the calls; (3) the absence of any relationship between Integrity and the individuals or entities initiating the alleged calls; (4) whether there is any evidence that Plaintiff consented to the alleged calls; (5) whether an established business relationship was created before or during any of the alleged calls, (6) whether there is any evidence Plaintiff manufactured his alleged claims; (7) the volume of other lawsuits Plaintiff has filed related to similar claims; and (8) Plaintiff's telephone number(s) that received the alleged calls.

***(ii) ESI Discovery Issues;***

The Parties do not anticipate any issues concerning the disclosure of, or discovery of, electronically stored information or data. In the event issues of this nature arise, the Parties will agree to work together to resolve all issues before filing any motions with the court.

***(iii) Privilege Issues / Protective Order;***

The Parties do not anticipate any unusual or unique privilege issues. The Parties will prepare and exchange privilege logs as necessary in compliance with Rule 26(b)(5). The Parties agree that communications between counsel of record or in-house counsel in this matter and their respective clients relating to this litigation do not need to be logged on any privilege log.

***(iv) Changes to Discovery Limitations;***

Other than those items identified in this Joint Report, the Parties do not currently propose any other additions to, or deviations from, the discovery limitations provided in the Federal Rules of Civil Procedure, the Court's Local Rules, and the Court's Order Governing Proceedings.

***(v) Any Other Orders Under Rule 26(c), 16(b), 16(c);***

Integrity anticipates that it will request the entry of a protective order permitting it to maintain the confidentiality of certain documents it anticipates producing during discovery. The Parties will work together to negotiate the contents of this contemplated protective order and will inform the Court should any disputes related thereto arise.

***8. Progress Toward Settlement, Status of Settlement Negotiations, Mediator Proposal & Deadline***

The Parties have begun informal negotiations and anticipate continuing to do so in order to evaluate whether an early resolution of this matter can be reached.

Separately, as to mediation, the Parties will discuss the identity of a mediator at the appropriate time consistent with their proposed mediation deadline.

***9. Identity of Persons Expected to be Deposed***

The Parties do not yet have lists of persons likely to be deposed given that discovery is just beginning. Notwithstanding, at this time and at minimum, the Parties expect that Plaintiff and a corporate representative from Integrity will have their depositions taken in this matter.

***10. Estimated Trial Time and Whether Jury Demand Has Been Timely Made***

The Parties anticipate that trial will take approximately three (3) days in this matter. Plaintiff has timely made a demand for jury trial.

***11. Names of Attorneys Who Will Appear at Management Conference***

For Plaintiff: Johnnie Wilkinson (Pro Se Plaintiff)

For Integrity: Miranda K. Roberts (Counsel of Record)

12. ***Consent To Magistrate Judge***

The Parties do not consent to trial before a magistrate judge.

13. ***Any Other Matters***

Integrity's Position: Integrity would bring to the Court's attention its currently pending Motion to Dismiss.

Respectfully submitted,

*/s/* Johnnie Wilkinson
Johnnie Wilkinson

**PRO SE PLAINTIFF JOHNNIE WILKINSON**

-and-
*/s/ Miranda K. Roberts*
Miranda K. Roberts
Texas Bar No. 24121086
Senior Litigation Counsel
Integrity, LLC
1445 Ross Ave, 40th Floor
Dallas, Texas 75202
(682) 667-8117
miranda.roberts@integrity.com

**ATTORNEY FOR DEFENDANT INTEGRITY, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on all counsel of record via the Eastern District of Texas's CM/ECF system on September 16, 2026.

*/s/ Miranda K. Roberts*
Miranda K. Roberts

# EXHIBIT A

# PROPOSED SCHEDULING ORDER

The following actions shall be completed by the date indicated.[1] (The times indicated are the standard for most cases. Counsel should be prepared to explain the need for requested changes)

| | |
|---|---|
| October 8, 2026 (1 week after mgmt conf.) | Deadline for motions to transfer. |
| November 12, 2026______ (6 weeks after mgmt conf.) | Deadline to add parties. |
| April 1, 2027_____ | Mediation must occur by this date. |
| 6 weeks prior to mediation | Deadline by which the parties shall notify the Court of the name, address, and telephone number of the agreed-upon mediator, or request that the Court select a mediator, if they are unable to agree on one. |
| December 10, 2026_______ (10 weeks after mgmt conf.) | Plaintiff's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b). |
| December 24, 2026______ (12 weeks after mgmt conf.) | Deadline for Plaintiff to file amended pleadings. (A motion for leave to amend is required.) |
| January 7, 2027 (14 weeks after mgmt conf.) | Defendant's disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b). |
| January 7, 2027 (14 weeks after mgmt conf.) | Deadline for Defendant's final amended pleadings. (A motion for leave to amend is required.) |
| 6 weeks after disclosure of an expert is made | Deadline to object to any other party's expert witnesses. Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection. |
| January 7, 2027 (14 weeks after mgmt conf. **but no later than 110 days prior to deadline for submission of Joint Final Pretrial Order)** | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |
| March 18, 2027 (24 weeks after mgmt conf.) | All discovery shall be commenced in time to be completed by this date. |

[1] If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in Fed. R. Civ. P. 6, the effective date is the first federal court business day following the deadline imposed.

| | |
|---|---|
| June 24, 2027<br>(6 weeks before final pretrial conf.) | Notice of intent to offer certified records. |
| June 24, 2027<br>(6 weeks before final pretrial conf.) | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order (*See* Local Rule CV-16(b)) and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases). |
| July 1, 2027<br>(5 weeks before final pretrial conf.) | Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those which cannot be resolved shall be presented to the court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the court's rulings on objections. |
| July 6, 2027<br>(30 days before final pretrial conf.) | Motions in limine due.<br>File Joint Final Pretrial Order (*See* www.txed.uscourts.gov). |
| July 22, 2027<br>(2 weeks before final pretrial conf.) | Response to motions in limine due.[2]<br>File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order.[3] (This does not extend deadline to object to expert witnesses.)<br>File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law). |
| Date will be set by Court. Usually within 10 days prior to final pretrial conf. | If numerous objections are filed, the court may set a hearing to consider all pending motions and objections. |