**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JOHNNIE WILKINSON,<br><br>Plaintiffs,<br><br>v.<br><br>INTEGRITY MARKETING GROUP, LLC, et al.<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:26-CV-00634-ALM-AGD |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. On August 12, 2026, the undersigned issued United States Chief District Judge Amos L. Mazzant, III's standard Order Governing Proceedings, which ordered that all fictitious parties were dismissed without prejudice (Dkt. #9 at p. 6).[1] On September 16, 2026, the parties submitted a Joint Rule 26(f) Report, wherein the parties confirmed the correct names of the parties are Johnnie Wilkinson and Integrity, LLC f/k/a Integrity Marketing Group, LLC (Dkt. #12 at p. 1). The Joint Rule 26(f) Report did not mention John Does 1-100 (Dkt. #12).

Thus, consistent with Chief Judge Mazzant's practice and § 636, the court recommends that Plaintiff's claims against John Does 1-100 be **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific

[1] Pursuant to § 636, without the express consent of the parties, the undersigned may only recommend the dismissal of a party by Report and Recommendation. 28 U.S.C. § 636(b).

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 3rd day of October, 2026.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE